EDWARD KENDALL *v.* HORACE S. GAAR.

Evidence—Proof of Interested Witness Being Signer of Attachment Bond Coincident of Names—Witness.

> The mere coincidence of names will not authorize the conclusion that they represent the same person. Proof must be had, that a witness whose testimony was used in the court below, was the same person as the one whose name appeared to the attachment bond, in order to exclude him as a witness, on the ground of being an interested party to the suit.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

February 6, 1868.

RESPONSE OVERRULING THE PETITION FOR REHEARING, BY JUDGE HARDIN.

As the petition for a rehearing, is based mainly on the assumption of the fact, that this court in its conclusion as to the interest of N. H. Gaar in this cause, labored under some misapprehension of the facts disclosed in the record, we deem it proper, by way of response to the suggestions so earnestly urged by the counsel for the appellant, to state the reasons upon which we have decided that the exceptions to said N. H. Gaar's deposition was properly overruled. But a single ground of exception is assigned—"the manifest interest of said Gaar in the subject matter of this suit—said N. H. Gaar being jointly bound to defendant for 1-3 of the profits and losses of the cultivation of said Page farm." The point of objection is thus specifically defined to be the supposed interest of the witness, as one of the original lessees of the farm. And to this the opinion already delivered sufficiently responds. But the counsel now urges a different cause of objection to the competency of the witness; and one not only not specified in the exception filed but constructively excluded by it, viz: that the witness was H. S. Gaar's surety in the attachment bond; and we are now asked to decide the question whether a surety for a party in an attachment bond is a competent witness for such party in the same action. Certainly we do not decide that a person thus liable as surety is competent to testify as a witness in the same

causes for his principal. But it is not only incorrectly assumed by the counsel, that the deposition of Gaar was excepted to on this ground, but that there is any sufficient evidence that said witness is the same N. H. Gaar whose name is signed to the attachment bond in this case. His deposition shows him to be the brother of H. S. Gaar and the same person who was a party to the lease, but he proves nothing, and was asked nothing on his cross-examination to identify him as the same N. J. Gaar who signed the attachment bond, nor is there any evidence so identifying him in the record. If therefore the question of interest growing out of the liability on the attachment bond could, under any circumstances, be made available, when raised for the first time in this court, it could not be sustained for the reason that it is not shown that the witness is the surety in the bond. The mere coincidence of names will not authorize the conclusion that they represent one and the same person, as several persons in the same community often have the same name.

Upon a careful consideration of the suggestions of the petition and a review of the grounds of the opinion delivered in this case, we have failed to perceive any sufficient reason for adopting a different conclusion. The petition is therefore overruled.

*Mix, for appellant.*

*Caldwell, for appellee.*